**FILED**

**JANUARY 31, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| TEODORO ACOSTA and<br>TEODORO ROGEL,<br>on behalf of themselves and all other persons<br>similarly situated, known and unknown, | ) ) ) ) ) | **08 C 699** |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. |
| SCOTT BYRON & COMPANY, INC.,<br>and SCOTT BYRON, individually, | ) ) ) | |
| Defendants. | ) ) | **JUDGE COAR<br>MAGISTRATE JUDGE COLE** |

### COMPLAINT

Plaintiffs Teodoro Acosta and Teodoro Rogel (collectively "Plaintiffs"), on behalf of themselves and all other persons similarly situated, for their complaint against Defendants Scott Byron & Company, Inc. and Scott Byron, individually, (collectively "Defendants") state as follows:

### I.     INTRODUCTION

1.     This lawsuit arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendants' 1) failure to compensate Plaintiffs and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL, and 2) failure and refusal to compensate Plaintiffs and other similarly situated employees all of their earned wages at the rate agreed to by the parties in violation of the IWPCA. Plaintiff brings this lawsuit as a collective action under the FLSA, and as a class action under the IMWL and IWPCA.

## II.    PARTIES

2.      Plaintiff Teodoro Acosta resides in and is domiciled in Lake County, Illinois. From 1997 until December 15, 2006, Plaintiff was employed by Defendant as a landscaping laborer at its principal place of business in this judicial district.

3.      Plaintiff Teodoro Rogel resides in and is domiciled in Lake County, Illinois. From approximately March, 2001 until December 2006, Plaintiff was employed by Defendant as a landscaping laborer at its principal place of business in this judicial district.

4.      During the course of their employment, Plaintiffs engaged in commerce or in the production of goods for commerce.

5.      During the course of their employment, Plaintiffs handled goods that moved in interstate commerce, including fertilizer and plant products.

6.      Defendant Scott Byron & Company, Inc., is an Illinois corporation.  Its principal place of business is 30088 North Skokie Highway, Lake Bluff, Illinois, located within this judicial district.

7.      Defendant Scott Byron & Company, Inc. is or has been Plaintiffs' "employer" as that term is as that term is defined by the IMWL, 820 ILCS §105/3(c), the IWPCA, 820 ILCS 115/1 *et seq.*, and the FLSA, 29 U.S.C. §203(d).

8.      Defendant Scott Byron & Company is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A). Within the last three years, Defendant Scott Byron & Company's annual gross volume of sales made or business done has exceeded $500,000, exclusive excise taxes.

9.      Defendant Scott Byron is President of Scott Byron & Company, Inc., and is involved in the day-to-day business operations of Scott Byron & Company. Among other things, Defendant Scott Byron has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures. Defendant

Scott Byron is an "employer" as defined by the IMWL, 820 ILCS 105/3(c) and FLSA, 29 U.S.C. §203(d).

10.     Defendant Scott Byron resides in and is domiciled in this judicial district.

## FACTUAL BACKGROUND

11.     Plaintiffs and others similarly situated worked for Defendants in one or more individual work weeks since January 14, 2005.

12.     Defendants operate, and at all times during the Class Periods, have done business in Lake County and elsewhere within Illinois.

13.     Since January 14, 2005, Defendants have failed and refused to pay Plaintiffs and other Class Members at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in a single work week in violation of the IMWL. For example, in weeks where all time worked exceeded forty (40) hours, Plaintiffs were not paid overtime for the first thirty (30) minutes or more of each work day and the last thirty (30) to ninety (90) minutes of each work day.

14.     Since January 14, 2005, Defendants have failed and refused to pay Plaintiffs and other Class Members for all time worked at the rate agreed to by the parties in violation of the IWPCA and the FLSA. For example, Defendants required, but did not pay, Plaintiffs and those similarly situated to arrive at Defendants' place of business each day thirty (30) minutes early to perform preliminary work. Defendants required, but did not pay, Plaintiffs and those similarly situated to perform thirty (30) minutes or more of extra work at the end of each work day.

15.     Since January 14, 2005, Defendants have failed and refused to pay Plaintiffs and other Class Members for all time worked at the rate agreed to by the parties, in violation of IWPCA and the FLSA, for travel time to and from work sites. For example, Plaintiffs were not paid for the time in transit from Defendants' place of business to other work sites. Furthermore, Plaintiffs were not paid for the time in transit from the final work site of the day back to the

Defendant's place of business, where they were required to perform additional end-of-business day duties.

**COUNT I**
**Violation of the Fair Labor Standards Act -- Overtime Wages**
**(Collective Action Under 29 U.S.C. § 216(b))**

Plaintiffs incorporate and reallege paragraphs 1 through 15 as though set forth herein.

16.    This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages to Plaintiffs at a rate of one and one- half times their regular hourly rate of pay.

17.    Plaintiffs bring this claim as a collective action under the FLSA, 29 U.S.C. § 216(b).

18.    During their employment by Defendants as landscaping laborers, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

19.    Plaintiffs, and those similarly situated to Plaintiffs, were directed by Defendants to work, and did work, in excess of forty (40) hours in individual work weeks.

20.    Defendants violated the FLSA by failing and refusing to pay all earned overtime pay for all time they worked in excess of forty (40) hours per week.

21.    Defendants willfully violated the FLSA by refusing to pay Plaintiffs overtime wages for all hours they he worked in excess of forty (40) hours per week.

22.    Plaintiffs are entitled to recover unpaid wages for up to three (3) years prior to the filing of this suit because Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.    A judgment in the amount of one and one-half times their regular rate for all time which Plaintiffs worked in excess of forty (40) hours per week;

B.  Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.  Reasonable attorneys' fees and costs incurred in filing this action; and

D.  Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law-Overtime Wages**
**(Class Action – Illinois Employees)**

Plaintiffs incorporate and reallege paragraphs 1 through 22 as though set forth herein.

23.  This count arises from the violation of the IMWL for Defendants failure and refusal to pay Plaintiffs and the class that they represent for all time worked in excess of forty (40) hours in individual work weeks.

24.  Plaintiffs were directed by Defendants to work, and did work, in excess of forty (40) hours in individual work weeks.

25.  Defendants did not pay Plaintiffs overtime pay at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours.

26.  Other similarly situated employees likewise were directed to work, and did work in excess of forty (40) hours in individual work weeks.

27.  Defendants did not pay other similarly situated employees overtime pay at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours.

28.  Plaintiffs were entitled to be paid at the rate of one and one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

29.  Plaintiffs represent all current and former employees of Defendants who have not been paid all their earned overtime in the past three (3) years, through and including the present

30.  Plaintiffs seek to certify this Count II, violation of the IMWL, and Count III, violation of the IWPCA, as a class action; asks that the Court determine the rights of the classes

5

pursuant to those statutes, and any other damages due; and asks the Court to direct Defendants to account for all back wages, penalties, and prejudgment interest thereon due to the Plaintiffs and the classes they represent.

31.    Counts II and III are brought pursuant to Fed. R. Civ P. 23 because the class members similarly situated to Plaintiff are so numerous that joinder of all members is impracticable. On information and belief, the classes under the state law claims will number in excess of 50 people. Plaintiff therefore brings this action against Defendants on her own behalf as an aggrieved employee, and in her representative capacity on behalf of the classes. The individually-named Plaintiffs and the similarly-situated persons are equally affected by the minimum wage, maximum hour, and wage payment violations of Defendants, and the relief sought is for the benefit of the individual Plaintiffs and the classes that they represent.

32.    The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any. The individual Plaintiffs and the classes of similarly-situated persons on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit. The named Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the classes. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the classes are entitled.

33.    The books and records of Defendants are material to Plaintiff's action as they disclose certain of the hours worked by each of the affected employees and the rate of pay for that work.

34.     Defendants failure to pay overtime wages for all time worked in excess of forty (40) hours violated the maximum hour provisions of the IMWL.

35.     Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants, as follows:

A.     A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

B.     That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

C.     A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

D.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

E.     Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*;

F.     Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages
### (Class Action – Illinois Employees)

Plaintiffs incorporate and reallege paragraphs 1 through 35 as though set forth herein.

36.     This count arises from the violation of the IWPCA for Defendants' failure and refusal to pay Plaintiffs and the class that they represent their earned wages for all time worked at the rate agreed to by the parties.

37.     Plaintiffs represent all current and former employees of Defendants who have not been paid for all time worked at the rate agreed to by the parties for the five (5) years preceding the filing of the Complaint, through and including the present.

38.     During the course of their employment with Defendants, Plaintiffs were not compensated for all time they worked in certain work weeks.

39.     Other Class Members were similarly not compensated for all time worked in certain work weeks.

40.     Plaintiffs and the Class Members were entitled to be paid for all time worked at the rate agreed to by the parties.

41.     Defendants' failure to pay Plaintiffs and the Class Members for all time worked at the rate agreed to by the parties violated the IWPCA.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants, as follows:

A.      That the Court determine that this action may be maintained as a class action under 735 ILCS 5/2-801;

B.      A judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

C.      Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

D.      An injunction precluding Defendants from violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*;

E.      Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.


Dated:  January 31, 2008

Respectfully submitted,


s/Douglas M. Werman
DOUGLAS M. WERMAN (ARDC #6204740)
MAUREEN A. BANTZ (ARDC#6289000)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008


VINCENT H. BECKMAN, III (ARDC #0152803)
Farmworker Advocacy Project
220 S. State Street, Suite 1700
Chicago, IL 60604
(312) 347-7600 x20

Attorneys for Plaintiffs